Slip Op. 19 - 18

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - -x

DECKERS CORPORATION,                        :

                  Plaintiff, :
                              :   Consolidated
            v.          :   Court No. 02-00730

THE UNITED STATES,                          :

                  Defendant. :

- - - - - - - - - - - - - - - - - -x

Memorandum & Order

[Upon classification of additional *Teva*® footwear,
 summary judgment for the defendant.]

Decided: February 4, 2019

Patrick D. Gill, Rode & Qualey, New York, NY, for the plaintiff.

Marcella Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY; Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Amy M. Rubin, Assistant Director, and Michael Heydrich, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for the defendant.

       AQUILINO, Senior Judge:   The above-named, determined plaintiff seeks yet again in this duly-certified test case to rectify errors it believes have occurred in prior decisions of this court and its court of appeals all sub nom. Deckers Corp. v. United States, 29 CIT 1481, 414 F.Supp.2d 1252 (2005); 31 CIT 1367, aff'd, 532 F.3d 1312 (Fed.Cir. 2008)("Deckers I"); and 37 CIT ____ (2013),

aff'd, 752 F.3d 949 (Fed.Cir. 2014), reh'g en banc denied (July 9, 2014)("Deckers II").  The crux of plaintiff's continuing complaint is U.S. Customs Service classification of its *Teva*® sandals under HTSUS subheading 6404.19.35 (2001), to wit

    6404        Footwear with outer soles of rubber, plastics,
                leather or composition leather and uppers of
                textile materials:

                    Footwear with outer soles of rubber or plastics:

    6404.19       Other:

                        Footwear with open toes or open heels;...

    6404.19.35        Other:........

in lieu of its preferred subheading

    6404.11     Sports footwear; tennis shoes, basketball shoes,
                gym shoes, training shoes and the like[.]

        In depicting an image of plaintiff's sandals at issue in slip opinion 05-159, 29 CIT at 1486, 414 F.Supp.2d at 1256, this court came to conclude that the defendant's motion for summary judgment could not be granted, whereupon a full and fair trial of the matter ensued in a courthouse of the U.S. District Court for the Middle District of California.  While plaintiff's presentment there was most impressive as a matter of fact, it did not prevail as a matter of law, as reported in Deckers I, supra.

The matter of classification of other *Teva*® styles having been suspended under that test case, the plaintiff removed a number from the CIT suspension calendar to constitute a second test case, which became <u>Deckers II</u>, albeit with the same litigated result as the initial action.

                                    I

Not content with those decisions, and given its right per <u>United States v. Stone & Downer Co</u>., 274 U.S. 225, 235-26 (1927), still other docketed *Teva*® styles now constitute the foundation of this third test case <u>sub</u> <u>nom</u>. *Pretty Rugged, Trail Raptor, Road Raptor, Vector, Terra Fi, Universal Approach,* and *Universal Guide*.

Whatever their names and stylistic nuances[1], the defendant has reacted with another motion for summary judgment, which plaintiff's persistent counsel in a submission dated January 17, 2019 demands "must be resolved before, and if, this case goes to trial." Jurisdiction continues pursuant to 28 U.S.C. §§ 1581(a) and 2631(a).

                                    A

The parties' papers filed herein indicate certain disagreement over the extent which the articles' toes and/or heels

---

[1]     Plaintiff's position is that its two *Raptors* are "running shoes" and that the other named styles are "training shoes". <u>See</u> complaint, paras. 13 and 14.

are "open" and also disagreement over the extent to which toes
and/or heels and/or feet are "enclosed" and "secured", but the
salient points of agreement suffice for purposes of summary
judgment.

        The plaintiff commenced this action to press its position
of clear error in Deckers I and Deckers II in the hope of en banc
review by the Federal Circuit. It argues such error lies in that
court's ejusdem generis analysis of the subheading 6404.11, supra,
in Deckers I and that the error has been perpetuated in Deckers II.
The plaintiff further argues that a trial is necessary because it
"seeks to present evidence that will establish clear error in both
the factual and legal conclusion in Deckers I and Deckers II" and
that, "[i]f the motion for summary judgment is now granted, Deckers
would be denied the opportunity to present its evidence to
establish clear error in the prior decision that no footwear can be
classified in tariff subheading 6404.11 unless that footwear has a
fully enclosed upper". Summarizing, plaintiff's opposition to
defendant's motion for summary judgment is that the motion is
premature because there are outstanding motions to compel discovery
filed by both parties.

In particular, the plaintiff would compel the defendant to expand on the statement of the government's expert witness in <u>Deckers II</u> that "some training shoes have openings in the uppers and are used for training shoes" and to identify evidence that the common and commercial meaning of "training shoes" requires in <u>all</u> cases that training shoes must have enclosed uppers.  Plaintiff's posture does not, however, excuse it with respect to its own lack of response to defendant's motion to compel, pursuant to which the latter seeks elaboration of "all facts" that support allegations in the complaint that the imported merchandise is athletic footwear (running shoes and training shoes), that they are used as such, that it is "understood" in the footwear trade and by users of training shoes that certain types can and do have openings in their uppers, and that open uppers on training shoes are no bar to their use as such, and also seeking discovery of any plaintiff witness.

By rule, a party opposing summary judgment because "it cannot present facts essential to justify its opposition" can ask the court to defer consideration of or to deny the motion while it conducts additional discovery. USCIT Rule 56(d); <u>Baron Services, Inc. v. Media Weather Innovations LLC</u>, 717 F.3d 907 (Fed.Cir. 2013). The party requesting relief pursuant to that rule must "state with some precision the materials he hope[s] to obtain with

further discovery, and exactly how he expect[s] those materials
would help him in opposing summary judgment." Simmons Oil Corp. v.
Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed.Cir. 1996)
(addressing parallel Rule 56(d) of the Federal Rules of Civil
Procedure and quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435,
1143 (5th Cir. 1993)). Failure to comply with that rule can result
in denial of the request and an adverse decision on summary
judgment. See, e.g., Kallal v. CIBA Vision Corp., 779 F.3d 443, 447
(7th Cir. 2015).

In the significant length of time purposely afforded this
third test case to lie fallow following submission of defendant's
reply brief in support of its motion for summary judgment, the
plaintiff has not submitted anything to supplement its position,
and it has not identified any fact witness in support of its
"additional" averments in its opposition to defendant's motion for
summary judgment. Plaintiff's sole witness supporting that
opposition is its purported expert, Dr. Geoffrey Gray.[2] But, he

---

[2] The defendant notes that it would move to preclude Dr.
Gray under Federal Rule of Evidence 702 and Daubert v. Merrill Dow
Pharmaceuticals, Inc., 509 U.S. 579 (1993), on the ground that the
testing he performed was not based on reliable scientific
principles and methods and therefore its results did not have
indicia of accuracy:

                                                    (continued...)

cannot shed much light on the meaning of subheading 6404.11, <u>supra</u>,

as he only tested one style of sandal at issue using a proprietary

protocol or testing method that has never been subject to peer

review.  <u>See</u> Def's Ex. 8 ("Gray Dep.") at 27:16-28:9.  Dr. Gray did

not (and could not) attribute his test results to the remaining

styles at issue.  "Conclusory expert assertions cannot raise issues

of material fact on summary judgment."  <u>Strick v. Dreamworks, LLC</u>,

516 F.3d 993, 1001 (Fed.Cir. 2008).  Moreover, Dr. Gray appears to

have cast doubt on the reliability of those test results when he

acknowledged that one test of one sample did not yield results that

were adequately accurate for inclusion in his database as

representative of a training shoe.  <u>See</u> Def's Ex. 8 at 40:14-41:21.

---

[2]    (...continued)
**We also intend to move to preclude Dr. Gray on the
grounds that his opinion is irrelevant and inaccurate as
applied to the sandals at issue.  For example, in his
report, Dr. Gray sets forth the criteria that he believes
are inherent in training shoes such as stability in the
sagittal plane (fore-aft movement).  <u>See</u> Plaintiff's
Expert Report of Dr. Geoffrey Gray ¶10. The evidence in
the <u>Deckers I</u> trial, however, established that there was
insufficient restriction on the fore-aft movement of the
foot.  During the trial, Deckers' counsel asked Dr.
Joseph Hamill, defendant's fact witness, to don a _Teva_®
sandal and kick a wall.  When Dr. Hamill's foot struck
the wall, it slid off of the footbed of the sandal
causing injury to his toe.**

Def's Reply at 9 n.4.

With regard to the timing of defendant's summary judgment
motion, the plaintiff contends that the matters covered by its
motion to compel are critical to the way in which it would present
its case.   The plaintiff, however, has not made any effort to
comply with USCIT Rule 56(d), nor has it filed a motion seeking
relief under that rule.   Additionally, it  has not specified the
factual information it hopes to obtain through its motion to compel
and how that information would raise a genuine issue of fact that
would justify a trial. Plaintiff's vague assertion that it needs
additional discovery is insufficient to establish that this action
is not now ripe for summary judgment.

As similarly intimated in a case concerning "Ugg Boots",
Deckers Corp. v. United States, 714 F.3d 1363 (Fed.Cir. 2013), the
plaintiff herein has been afforded "ample opportunity", via
opposition to defendant's summary judgment motion, to submit
evidence with respect to interpretation of the term "and the like"
in subheading 6404.11, HTSUS, and the operative language of that
provision in its opposition to the defendant's summary judgment
motion.   The plaintiff in that case raised the same "need for
trial" argument before the Federal Circuit, which was rejected.
That is, the plaintiff therein asserted that the trial court had

erred in classifying the imported boots as "footwear of the slip-on

type" under subheading 6404.19.35, HTSUS.  It argued, among other

things, that that court had improperly decided the issue on summary

judgment.  According to that plaintiff, a trial was necessary, as

it would have permitted testimony from industry witnesses.  The

court of appeals, however, affirmed the trial court's decision in

all respects.

        In doing so, the Federal Circuit reasoned that "[t]here

were no genuine issues of material fact regarding the salient

characteristics" of the subject boots.  714 F.3d at 1371.  The

panel then held that the "resolution of the parties' dispute

centered on the meaning of the term 'footwear of the slip-on type,'

a question of statutory interpretation." Id., citing Bausch & Lomb

v. United States, 148 F.3d 1363, 1365 (Fed.Cir. 1998). According to

the appellate decision, the plaintiff "had ample opportunity to

submit evidence regarding the common understanding of the term

'footwear of the slip-on type' when it submitted its opposition to

the government's motion for summary judgment." Id. at 1372.  The

court noted that the plaintiff did not identify any purported

industry witnesses or offer any affidavits or declarations from

such witnesses when it was before the trial court.  Id.  "Deckers'

unsupported assertion that unnamed industry witnesses would have testified that the footwear industry does not consider a boot to be a 'slip-on' is too speculative to raise any genuine issue of material fact."   <u>Id</u>.

In a further effort to persuade that trial is necessary herein, the plaintiff argues that if it is not permitted to present evidence at trial, "the result would be to effectively nullify the Supreme Court's holding in <u>Stone & Downer</u>."   The plaintiff reads too much into that decision; it established the principle that there is no bar to relitigation over the same merchandise by the same parties, but it did not address whether relitgation is to be disposed of by summary judgment or by trial.   The plaintiff is permitted to relitigate the classification of its sandals in this court, but in order to obtain trial it must come forward with a genuine issue of material fact.

Towards that end, the plaintiff asserts that trial is necessary because in <u>Deckers II</u> the defendant's expert witness "declared under penalty of perjury" that "some training shoes have openings in the uppers and are used as training shoes".   "Openings in the uppers", however, do not, necessarily, mean "open uppers", and plaintiff's attempt to portray Dr. Joseph Hamill's statement as

inconsistent with __Deckers I__ and __Deckers II__ is therefore

unpersuasive.  __See__, __e__.__g__., Def's answer, para. 27 (Dr. Hamill's

complete statement):

> Some training shoes have openings in the uppers and are
> used as training shoes if they have the characteristics
> appropriate for a training shoe. The *Teva Sport Sandals*
> do not qualify as such as previously described.

In other words, as the defendant contends, shoes that have

"openings in the uppers" (__e__.__g__., small holes for breathability) can

be used as training shoes provided that they have the

characteristics of such shoes, including an enclosed upper, and

this court concurs that Dr. Hamill's statement cannot be

interpreted as inconsistent with __Deckers I__ and __Deckers II__.

The appropriate opportunity for the plaintiff to present

its interpretation of the HTSUS provision at issue is in

opposition to defendant's motion for summary judgment, not at

another trial.  Plaintiff's motion to compel discovery can

therefore be, and it hereby is, denied, and defendant's motion to

compel discovery is therefore hereby denied as moot.

B

In affirming the judgment in __Deckers II__, the Federal

Circuit held that construction of a customs classification

provision by a panel of that court is binding upon both this court and other circuit panels in subsequent classification cases involving the same heading or subheading.  752 F.3d at 966.  In that case, the court of appeals made clear that _stare_ _decisis_ governs the classification of the subject sandals.  "_Deckers I_ provides a binding construction of subheading 6404.11 such that any merchandise classified into that subheading must include 'enclosed uppers.'"  752 F.3d at 959.  This court does not have the authority to go beyond that binding legal interpretation in this case unilaterally.  _Id_. at 966.  "Only through an _en_ _banc_ opinion, intervening Supreme Court precedent, or a change in the underlying statute by Congress can we deviate from our prior construction through a showing of clear error."  _Id_.  The Supreme Court has not issued an intervening decision that implicates the issues in this renewed test case, and Congress has not enacted any relevant legislation.  Therefore, plaintiff's only avenue for removing this matter from the ambit of _stare_ _decisis_ is through proof of clear error in this court to preserve the issue for potential _en_ _banc_ review on appeal.

      The plaintiff argues that the _ejusdem generis_ analysis of subheading 6404.11 in _Deckers I_ was clearly erroneous.  According

to it, the scope of the term "and the like" in that subheading "may be a legal determination" but "what those essential characteristics are is a factual determination which must be made by the trial court."  It contends that this court did not make any factual findings regarding the scope of that tariff term.  Based on that proposition, it further contends that the appellate panel made an improper factual finding when it held that the "'evidence adduced at trial established that the fundamental feature <u>that the exemplars share</u> is the design, specifically the enclosed upper . . . [emphasis in original].'" Pl's Opp. at 5.  The plaintiff concludes that the Federal Circuit improperly "substituted its own factual findings for the factual findings of the trial court."  <u>Id</u>.

        Plaintiff's argument seems to misconstrue the Federal Circuit's standard of review and the doctrine of <u>ejusdem generis</u>, and its papers do not refer to any evidence that would demonstrate that <u>Deckers I</u> and <u>Deckers II</u> are clearly erroneous.  Unlike the record in <u>Deckers I</u> and <u>Deckers II</u>, the factual record here is skeletal.  Plaintiffs' sole identified witness is a purported expert who only tested one style of sandal at issue and admitted that the resultant data were not sufficiently accurate to include in his company's database.  Additionally, the expert could not shed

any light on the other named exemplars in subheading 6404.11,
HTSUS.

Because there are no genuine issues of material fact
regarding the nature of the merchandise, this third, arguably
repetitive, test case re-presents a purely legal issue, namely,
interpretation of the operative language of subheadings 6404.11.80
and 6404.11.90 ("tennis shoes, basketball shoes, gym shoes,
training shoes and the like").  In Deckers I and Deckers II, the
issue on appeal was the propriety of affirming Customs'
classification of the subject sandals in subheading 6404.19.35,
HTSUS.  But, the meaning of a tariff provision is a question of
law, which the Federal Circuit reviews de novo.  E.g., Lynteq, Inc.
v. United States, 976 F.2d 693, 696 (Fed.Cir. 1992).  No deference
is accorded to this court's decisions on appeal regarding the
proper scope of a tariff provision.  Id.

Under the rule of ejusdem generis ("of the same kind"),
where an enumeration of specific things is followed by a general
word or phrase, the general word or phrase is held to refer to
articles of the same kind as the specified articles.  In
classification cases, the principle of ejusdem generis requires
that the imported merchandise possess the same essential

characteristics or purposes that unite the specific enumerated
articles to be classified under the general word or phrase.  E.g.,
Airflow Tech., Inc. v. United States, 524 F.3d 1287, 1292 (Fed.Cir.
2008).  To determine the essential characteristic, courts can
consider attributes such as the purpose, character, material,
design, and texture.  See, e.g., United States v. Danmak Trading
Co., 43 CCPA 77 (1956).  In accordance with its standard of review,
the Federal Circuit interpreted, de novo, the tariff term "and the
like" in subheading 6404.11, HTSUS.

        The plaintiff alleges clear error in Deckers I, but it
does not cite any case to support its proposition that ejusdem
generis analysis requires a factual finding by a trial court, or
that the Federal Circuit cannot perform such analysis de novo.  The
interpretation of a statute is a question of law, and ejusdem
generis is used by courts to assist in answering that question.
The court of appeals in Deckers I analyzed each of the named
exemplars in subheading 6404.11, HTSUS, based on the facts that
were in the record made before this court.  It then held that an
enclosed upper is the unifying characteristic of the exemplars in
that subheading.  Plaintiff's repeated position does not persuade

now that the Federal Circuit's ejusdem generis analysis was clearly

erroneous or otherwise improper.

                                    C

         In short, this matter is ripe for summary judgment.  And

the defendant is entitled to it as a matter of law.

         In classification cases, summary judgment is appropriate

when there is no dispute as to the "nature" of the merchandise at

issue, and the only issue is the meaning and scope of a tariff

provision.  E.g., Faus Group, Inc. v. United States, 581 F.3d 1369,

1372 (Fed.Cir. 2009); Intercontinental Marble Corp. v. United

States, 381 F.3d 1169, 1173 (Fed.Cir. 2004); Bausch & Lomb, supra;

The Pomeroy Collection, Ltd. v. United States, 35 CIT 761, 763, 783

F.Supp.2d 1257, 1260 (2011).  See also Deckers Corp., supra, 714

F.3d at 1371.  The record evidence here is unequivocal: all of the

material facts necessary to determine the classification of the

sandals at issue are already before the court.

         They continue to be classifiable under subheading

6404.19.35, supra, as a matter of law because they have open toes

and/or open heels, as considered in the previous Decker opinions,

and as the parties at bar know. Samples of five of the styles of

sandals at issue have been filed with the court, and the defendant

has also submitted photographs of all seven at issue. Additionally,
the defendant does not dispute the facts that were established at
trial in <u>Deckers I</u> and set forth in this court's decision. The
articles are therefore classifiable under subheading 6404.19.35,
HTSUS.

   The record further shows that the subject sandals cannot
be classified under subheadings 6404.11.80 or 6404.11.90, HTSUS, as
a matter of law, because the Federal Circuit has held that the
operative language of those tariff provisions, "tennis shoes,
basketball shoes, gym shoes, training shoes and the like",
encompasses shoes with enclosed uppers.  This court is bound by
that court's interpretation, and, undeniably, the sandals at issue
do not have enclosed uppers.

   The classification of five of the seven styles of sandals
at issue were previously addressed in <u>Deckers II</u>.  The plaintiff
here does not point to any material facts in the record regarding
the "nature" of those sandals that would call for a different
result or would be in addition to those addressed in <u>Deckers II</u>.
Finally, the plaintiff does not show or persuade that there are any
material differences with respect to the remaining two styles,
which were not at issue in <u>Deckers II</u>, that would call for a

different result with respect to them.  For that matter, as
mentioned, in its motions to suspend the instant matter, first
under test case No. 02-00674 and then under test case No. 02-00732,
the plaintiff represented that the disposition of its merchandise
would be facilitated by such suspensions because the test case(s)
involved the same class or kind of goods and the same claims,
making it clear that the sandals in this instant action entail the
same issues of law and fact.  Inasmuch as the facts relating to the
"nature" of the merchandise are undisputed and are already on the
record, all the evidence necessary to determine the proper
classification of the sandals at issue is before the court.

## II

In sum, the evidence already of record establishes that
plaintiff's *Pretty Rugged, Trail Raptor, Road Raptor, Vector, Terra
Fi, Universal Approach,* and *Universal Guide* are correctly
classifiable under subheading 6404.19.35, HTSUS, and judgment to
that effect will therefore enter accordingly.

So ordered.

Decided:  New York, New York
          February 4, 2019

                                    /s Thomas J. Aquilino, Jr.
                                         Senior Judge